UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv95-FDW

| | |
|---|---|
| TIMOTHY WILEY, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| JOHNNY HAWKINS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner Timothy Wiley's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I.  PROCEDURAL BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Jackson County Superior Court jury of felonious breaking and entering and first-degree murder, under the felony-murder rule, with felony breaking and entering as the underlying felony. State v. Wiley, 642 S.E.2d 717, 720 (N.C. Ct. App. 2007). The trial court sentenced Petitioner to life imprisonment without possibility of parole. (Pet. 1, Doc. No. 1.) Judgment was entered on October 6, 2000. Wiley, 642 S.E.2d at 719.

Petitioner gave notice of appeal in open court, but the Appellate Defender subsequently declined appointment. (Aug. 18, 2014 Order Den. MAR ¶ 8, Doc. No. 1 at 57.) On December 28, 2004, the Appellate Defender was reappointed, and counsel filed a petition for writ of certiorari to perfect a belated appeal, which the North Carolina Court of Appeals granted on November 22, 2005. Def.-Appellant Br., State v. Wiley, No. COA06-451, 2006 WL 1745738, at *8 (N.C. Ct. App. filed June 14, 2006).

1

On April 3, 2007, the North Carolina Court of Appeals entered a published decision affirming Petitioner's judgment. Wiley, 642 S.E.2d at 723. Petitioner did not seek discretionary review by the North Carolina Supreme Court of the appellate court's decision until October 28, 2016. State v. Wiley, 201P16–2, 795 S.E.2d 220 (N.C. filed Jan. 26, 2017) (Mem).

On March 12, 2012, Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in the Jackson County Superior Court. (Aug. 18, 2014 Order Den. MAR ¶ 11.) It was denied on May 29, 2012. State v. Wiley, No. COA13–409, 753 S.E.2d 398, *1 (N.C. Ct. App. Nov. 5, 2013) (unpublished Table decision). Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the trial court's order, which was allowed. Id. at *2. The appellate court appointed Petitioner counsel, vacated the trial court's order denying the MAR, and remanded for an evidentiary hearing. Id. at *5.

On remand, the trial court held an evidentiary hearing and, on Aug. 18, 2014, issued an Order denying Petitioner's MAR. (Aug. 18, 2014 Order Den. MAR, Doc. No. 1 at 60.) Petitioner filed a petition for writ of certiorari seeking review of the trial court's Order; it was denied by the North Carolina Court of Appeals on March 24, 2016. (Order Den. Feb. 17, 2016 Cer. Pet., Doc. No. 1 at 52.) Next, Petitioner sought certiorari review of the appellate court's March 2016 decision; the North Carolina Supreme Court dismissed the petition on August 18, 2016. (N.C. Order Den. 2016 Cer. Pet., Doc. No. 1 at 51.) Finally, on October 28, 2016, Petitioner sought discretionary review of the appellate court's denial of his direct appeal in 2007; that petition was dismissed by the North Carolina Supreme Court on Jan. 26, 2017. Wiley, 795 S.E.2d 220.

Petitioner filed the instant § 2254 habeas Petition attacking his October 2000 judgment when he signed and placed it in the prison mail system on March 31, 2017. (Pet. 15.) For the

reasons that follow, it shall be dismissed as untimely.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on October 6, 2000. The North Carolina Court of Appeals issued its Order denying Petitioner's direct appeal on April 3, 2007. Wiley, 642 S.E.2d at 723. Petitioner then had thirty-five (35) days to seek discretionary review in the North

---

[1] There are three situations under which the statute of limitations begins to run at a later date, but none of those apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). As noted, Petitioner did not seek discretionary review of the appellate court's decision until October 28, 2016. State v. Wiley, 201P16–2, 795 S.E.2d 220.

Because he did not seek discretionary review during the thirty-five-days allowed by the North Carolina Rules of Appellate Procedure, Petitioner's conviction became final on or about May 8, 2007, when the time for seeking discretionary review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S .Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). The statute of limitations then ran for 365 days until it fully expired on or about May 8, 2008. None of Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, absent equitable tolling, the § 2254 Petition is untimely. See § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own

4

conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner acknowledges that the instant Petition was not filed within a year of his conviction becoming final and provides an eight-page, detailed explanation of all the efforts he made to pursue his post-conviction rights in the state courts. (Pet. 18-26.) Indeed, it appears that after his appeal was denied in 2007, Petitioner made concerted efforts to obtain legal research and professional legal assistance from retained attorneys and Prisoner Legal Services, with mixed results. Nevertheless, he has not demonstrated that extraordinary circumstances stood in the way of his filing a timely federal habeas petition.

Petitioner spent five years attempting to obtain professional legal assistance in filing an MAR. In North Carolina, there is no statute of limitations for filing an MAR in non-capital cases. Therefore, Petitioner's state post-conviction efforts were not harmed by this delay. The federal statute of limitations, however, operates independently of the state post-conviction process *unless* the state process is initiated while the statute of limitations is running. See § 2244(d)(2); Minter, 230 F.3d at 665–66 (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Thus, had Petitioner filed an MAR before May 8, 2008, the federal statute of limitations would have paused and not resumed running until Petitioner's state post-conviction proceedings had concluded. Instead, the statute of limitations expired long before Petitioner filed his MAR.

In short, the instant habeas Petition is not untimely because extraordinary circumstances external to his own conduct prevented Petitioner from timely filing it. See Holland, 560 U.S. at 649; Rouse, 339 F.3d at 246. It is untimely because of the decisions Petitioner made in pursuing

5

his state court remedies.  See e.g. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (An inmate's pro se status, limited education, and ignorance of habeas law do not justify equitable tolling because these deficiencies are not "extraordinary.")  Consequently, his habeas Petition shall be dismissed.

        **IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 11, 2017

Frank D. Whitney
Chief United States District Judge